Filed 3/20/26  Shao v. Yao CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| YONGHONG SHAO, | B341969 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 17STFL01972) |
| v. | |
| JINYONG YAO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michelle L. Kazadi, Judge.  Affirmed.

Jinyong Yao, in pro. per, for Defendant and Appellant.

Yonghong Shao, in pro. per, for Plaintiff and Respondent.

_____

## INTRODUCTION

We affirm the trial court order because appellant Jinyong Yao does not cite to the record in the briefing and provides a deficient record for our review.

## FACTUAL AND PROCEDURAL BACKGROUND

For context, we summarize facts as presented in the briefing and as gleaned from the filings and minute orders in the incomplete record before us. Yao's briefing states that he and respondent Yonghong Shao signed a divorce settlement agreement in April 2019, and Shao agrees there was a 2019 judgment. The trial court case summary reflects a stipulated judgment package filed on April 18, 2019, and stipulated judgment entered on May 8, 2019. The record includes a partial copy of a divorce settlement agreement, but it is plainly missing pages as the first section in the record is labeled "Section 3," and the first page of this document begins with a sentence fragment.

On June 21, 2024, Shao filed a motion requesting that Yao transfer title to a 2007 Toyota Sienna, and reimburse Shao for payment of registration and insurance in an amount of $1076.14. On July 31, 2024, Yao filed a responsive declaration opposing Shao's request. On August 15, 2024, the trial court's minute order provides that Yao must sign documents to transfer title of the Toyota and provide the pink slip to Shao. The trial court denied Shao's request for reimbursement based on her own failure to comply with the judgment until May 2024.

## DISCUSSION

As an initial matter, we presume the trial court's orders are correct, and an appellant has the burden of identifying prejudicial error to support reversal. (*Jameson v. Desta* (2018)

2

5 Cal.5th 594, 609.) Here, Yao does not carry this burden for two reasons.

First, the opening brief fails to cite to the trial court record, and " '[t]he appellate court is not required to search the record on its own seeking error.' " (*Young v. Fish and Game Commission* (2018) 24 Cal.App.5th 1178, 1190–1191.) Consequently, " '[i]f a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived.' " (*Ibid.*) Because we have no citations in Yao's brief, we conclude Yao has waived any potential argument.

Second, because the record on appeal does not include the entire divorce judgment at the heart of this conflict, we cannot evaluate whether the court erred in enforcing the judgment. Consistent with the rule that trial court orders are presumed to be correct, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.) Thus, Yao has defaulted because the record on appeal does not allow for meaningful review.

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

VIRAMONTES, J.

WE CONCUR:

WILEY, Acting P. J.          SCHERB, J.

3